UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, NATIONAL    )
STABILAZATION AGREEMENT OF     )
THE SHEET METAL INDUSTRY       )
TRUST FUND, et al.,            )
    Plaintiffs,              )
                             )
           v.                )  Civil Action No. 1:15cv548
                             )
R & C CONSTRUCTION             )
SERVICES CO., INC.,            )
    Defendant.               )

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiffs' Motion for Default Judgment. (Dkt. 8.) When no representative for defendant appeared at the hearing on September 25, 2015, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

## I. INTRODUCTION

### A. Background

Plaintiffs are the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Board of Trustees of the Sheet Metal Workers'

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Mot. Default J.") (Dkt.8), the Memorandum of Law in Support of Plaintiffs' Motion for Judgment by Default Under Federal Rule of Civil Procedure 55(b) ("Mem. Supp. Mot. Default J.") (Dkt. 9), the Declaration of Walter Shaw ("Shaw Decl.") (Dkt. 9-3), the Declaration of Maureen W. Marra ("Marra Decl.") (Dkt. 12-1), Jennings Sigmond, P.C. Itemization of Legal Fees and Costs ("Legal Fees Itemization") (Dkt. 12-2), and all attachments and exhibits submitted with those filings.

1

National Pension Fund ("NPF"), the Board of Trustees of the
International Training Institute for the Sheet Metal and Air
Conditioning Industry ("ITI"), the Board of Trustees of the
Sheet Metal Workers' International Association Scholarship Fund
("SMWIASF"), the Sheet Metal Occupational Health Institute Trust
("SMOHIT"), and the National Energy Management Institute
Committee ("NEMIC") (collectively "plaintiffs" or "Funds").
Plaintiffs are trust funds established and maintained under 29
U.S.C. § 186(c). (Compl. ¶¶ 4-7, 10-11; Shaw Decl. ¶ 2.)
Plaintiffs SASMI, NPF, ITI, and SWMIASF are also multiemployer
plans and employee welfare benefit plans within the meaning of
29 U.S.C § 1002. (Compl. ¶¶ 4-7; Shaw Decl. ¶¶ 2-3.)

Defendant, R & C Construction Services Co., Inc.
("defendant"), is a Kentucky corporation and an employer in an
industry affecting commerce that does business with plaintiff
Funds. (Compl. ¶ 15.) At all times relevant to this action,
defendant was a party to a collective bargaining agreement with
the Sheet Metal Workers' International Association Local Union
No. 24. (Id. at ¶¶ 16-17; Shaw Decl. ¶ 4; Mem. Supp. Mot.
Default J. 2.) Defendant also agreed to abide by the terms of
the agreements and declarations of trust ("Trust Agreements")
establishing the Funds. (Compl. ¶ 18; Shaw Decl. ¶ 4.)

Plaintiffs filed this action under Sections 502 and 515 of
the Employee Retirement Income Security Act of 1974 ("ERISA"),

2

as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the
Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which
govern suits among parties to enforce provisions of their
collective bargaining agreements. (Compl. ¶ 1; Mot. Default J. ¶
7; Mem. Supp. Mot. Default J. 1.) They seek unpaid
contributions, liquidated damages, interest, late charges, and
attorneys' fees and costs pursuant to ERISA, LMRA, and the
collective bargaining agreement. (Compl. ¶¶ 29, 33; Mot. Default
J. 1, Ex. 2 (Dkt. 8-2); Mem. Supp. Mot. Default J. 1, 3.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as
this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145,
and 185. Under Sections 502 and 515 of ERISA, an action may be
brought in any district court of the United States in which the
relevant benefit plan is administered, where the alleged breach
took place, or where a defendant resides or may be found. 29
U.S.C. § 1132(e)(2). Furthermore, under Section 301 of LMRA, a
suit for breach of contract between an employer and a labor
organization representing employees in an industry affecting
commerce may be brought in federal district court, regardless of
the amount in controversy or citizenship of the parties.   29
U.S.C. § 185(a). In this case, jurisdiction and venue are proper
because each Fund is administered in this District. (Compl. ¶ 9;
Shaw Decl. ¶ 1.)

3

This Court has personal jurisdiction over defendant pursuant to the decision in Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiffs that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred from transactions with plaintiffs' office in this district. (Compl. ¶ 15.)

### C. Service of Process

On May 18, 2015, plaintiffs' private process server served defendant by delivering a copy of the Complaint and Summons to Cheryl Moore, administrative assistant, who is designated by law to accept service of process on behalf of defendant, at 2220 State Route 3, Catlettsburg, Kentucky 41129. (Dkt. 5.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On June 10, 2015, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure

4

55(a). (Dkt. 7.) Plaintiffs filed a Motion for Default Judgment on September 18, 2015. (Dkt. 8.)

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of Maureen W. Marra, and the documents submitted in proof of damages and attorneys' fees, the undersigned makes the following findings of fact.

Defendant is a Kentucky corporation with an office in Catlettsburg, Kentucky. (Compl. ¶ 15.) Defendant is an employer in an industry affecting commerce within the meaning of ERISA and LMRA. (Id.) Defendant owes certain obligations to plaintiffs pursuant to the collective bargaining agreement with Sheet Metal Workers' International Association Local Union No. 24 and the Trust Agreements of the Funds (collectively "the Agreements") to which defendant is accordingly bound. (Compl. ¶¶ 17-19; Shaw Decl. ¶ 4.)

The Agreements require defendant to pay monthly contributions to the Funds for time worked or paid to covered employees. (Compl. ¶ 19(a); Shaw Decl. ¶ 4.) Defendant must also submit monthly remittance reports that detail all employees or work for which contributions to the Funds were required. (Compl. ¶ 19(b); Shaw Decl. ¶ 4.) The completed remittance reports and accompanying contributions must be submitted to the Funds by no

5

later than the twentieth day after the end of each calendar
month for hours worked in that month and are delinquent if
received thereafter. (Compl. ¶ 21.)

According to the Funds' records, defendant failed to remit
its contributions for the period of October 2014 through March
2015. (Shaw Decl. ¶ 8.) Furthermore, defendant has failed to
submit remittance reports for the period of February 2015
through March 2015, forcing plaintiffs to estimate the
contributions owed based on the amounts last reported. (Id.) For
the period of October 2014 through March 2015, defendant is
liable for these delinquent contributions in the total amount of
$4,291.22, which accounts for $2,778.95 to NPF, $113.76 to ITI,
$23.91 to NEMIC, $18.96 to SMOHIT, $9.48 to SMWIASF, and
$1,346.16 to SASMI. (Id. at ¶ 9(a); Mem. Supp. Mot. Default J.
26, Ex. 5A; Mot. Default J. Ex. 2 (Dkt. 8-2).) Pursuant to the
Agreements and Section 502(g)(2) of ERISA, plaintiffs are
entitled to recover any unpaid contributions as well as
interest, liquidated damages, late charges, and attorneys' fees
and costs.

## A.    Contributions and Fees

Under ERISA, LMRA, and the Agreements, the Funds may
recover the following: (1) the full amount of unpaid
contributions; (2) interest on unpaid contributions calculated
at the rate of 8.5% per annum (0.0233% per day, compounded

daily); (3) late charges equal to the greater of: (i) $50 for each month of contributions paid after the due date, and before any lawsuit is filed, or (ii) 10% of the contributions due for those months; (4) liquidated damages in an amount equal to the greater of (i) interest on all delinquent contributions, or (ii) 20% of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and (5) reasonable attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts. (Compl. ¶¶ 19, 22-24; Mem. Supp. Mot. Default J. 3.)

The amounts now due are summarized as follows:

| Fund | Contributions | Interest[2] | Liquidated Damages | Late Charges | Total |
|---|---|---|---|---|---|
| NPF | $2,778.95 | $192.40 | $555.79 | $3,318.31 | $6,845.45 |
| ITI | $113.76 | $7.82 | $22.75 | $147.76 | $292.09 |
| NEMIC | $23.91 | $1.94 | $4.78 | $36.86 | $67.49 |
| SMOHIT | $18.96 | $1.30 | $3.79 | $24.66 | $48.71 |
| SMWIASF | $9.48 | $0.65 | $1.90 | $12.70 | $24.73 |
| SASMI | $1,346.16 | $92.61 | $269.23 | $1,780.20 | $3,488.20 |
| Total | $4,291.22 | $296.72 | $858.24 | $5,320.49 | $10,766.67 |

(Mem. Supp. Mot. Default J. 26-27, Ex. 5A; Shaw Decl. ¶ 9.)

### B.  Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $5,803.25. (Marra Decl. ¶ 2; Mem. Supp. Mot. Default

---

[2] Interest was calculated through September 18, 2015.

J. 26-28; Legal Fees Itemization.) This amount is based on $5,180.50 in attorneys' fees, which is comprised of 2.8 hours of labor by an attorney shareholder at the hourly rate of $220, 22.3 hours of labor by associate attorneys at the hourly rate of $195, and 2.7 hours of labor by paralegals at the hourly rate of $80. (Legal Fees Itemization; Marra Decl. ¶¶ 3-4.) The above total also includes $622.75 in costs. (Legal Fees Itemization.) In support of this request, plaintiffs submitted the Declaration of Maureen W. Marra and an itemized chart of the legal services performed. (Dkts. 12-1 and 12-2.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.  If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. RECOMMENDATION

The undersigned recommends that default judgment should be entered against defendant in favor of plaintiffs. The undersigned recommends that plaintiffs should recover from defendant a total of $10,766.67. Specifically, the undersigned recommends that plaintiff should recover $4,291.22, the sum of unpaid contributions, $296.72 in interest calculated at the rate

8

of 8.5% per annum (0.0233% per day, compounded daily) through September 18, 2015, $858.24 in liquidated damages, and $5,320.49 in late fees.

Furthermore, the undersigned recommends that plaintiffs should recover from defendant $5,803.25 in attorneys' fees and costs.

9

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    R & C Construction Services Co., Inc.
    2220 State Route 3
    Catlettsburg, KY 41129

                                          /s/
                                Theresa Carroll Buchanan
                                United States Magistrate Judge
                          THERESA CARROLL BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

October 19, 2015
Alexandria, Virginia

10